## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                     :
UNITED STATES OF AMERICA,            :        Criminal No. 3:14CR00049(AWT)
                                     :
v.                                   :
                                     :
DANIEL HAMLETT, JR.                  :        October 23, 2014
                                     :
-------------------------------------------------------x

## <u>DEFENDANT'S REQUESTS TO CHARGE</u>

The defendant, Daniel Hamlett Junior, respectfully submits the following proposed charges to the jury.

Respectfully submitted,

THE DEFENDANT,
DANIEL HAMLETT, JR.

OFFICE OF THE FEDERAL DEFENDER

Dated: October 23, 2014              ___/s/ Sarah A. L. Merriam_____
                                     Sarah A. L. Merriam
                                     Assistant Federal Defender
                                     265 Church Street, Suite 702
                                     New Haven, CT   06510
                                     Bar No. ct25379
                                     Phone: 203-498-4200
                                     Fax: 203-498-4207
                                     Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2014, a copy of the foregoing defendant's requests to charge was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 /s/ Sarah A. L. Merriam
Sarah A. L. Merriam

**REQUESTED INSTRUCTION # 1**

## <u>OPENING INSTRUCTION</u>

Now that the evidence in this case has been presented, the time has come for me to instruct you on the law.  My instructions will be in three parts:  <u>First</u>, some instructions on general rules that define and control the role of the Court and the duty of the jury in a criminal case; <u>second</u>, instructions that define the elements of the offense charged in the indictment in this case, <u>i.e.</u>, the elements that the government must prove beyond a reasonable doubt in order to make its case; and <u>third</u>, some rules and guidelines for your deliberations.

When you retire to begin your deliberations, you will be provided with a verdict form and a copy of the indictment, both of which you will be able to take with you into the jury room.

**REQUESTED INSTRUCTION # 2**

## <u>ROLE OF THE COURT</u>

As Judge, I perform basically two functions during the trial.

<u>First</u>, I decide what evidence is admissible for your consideration.  You have heard me doing that throughout the trial.

<u>Second</u>, I instruct you on the law that you are to apply to the facts.  I gave you some preliminary instructions before trial began, and some during the course of the trial when that was necessary, but it is now -- at the close of the evidence -- that most of the instructions are given.

**REQUESTED INSTRUCTION # 3**

<u>**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**</u>[1]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

---

[1] <u>See</u> <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> (West 1989), Instruction 3.01.

**REQUESTED INSTRUCTION # 4**

## THE NATURE AND FUNCTION OF THE INDICTMENT[2]

In this case, the defendant, Daniel Hamlett, Jr., has been charged with one count of aiding and abetting bank robbery.  Mr. Hamlett pleads not guilty to this charge.  Consequently, the government, in order to support a verdict of guilty on this charge, must prove <u>each</u> element of each charge beyond a reasonable doubt.

In a moment I will explain to you the elements of the offense with which Mr. Hamlett is charged.  However, before that, I instruct you that the indictment is not and may not be considered to be any evidence supporting any of these elements.

The indictment is merely a formal accusation and can in no sense be considered as proof in the slightest degree of the guilt of the defendant.  As jurors, you should not permit yourself to be influenced in any way against the defendant because of, or on account of, the indictment.  That the defendant has been accused and is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this in any way.

---

[2] <u>See</u> Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u> ("Devitt & Blackmar"), (3d ed.) §§ 11.04, 13.02; Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions</u> ("Sand"), Instruction 6.

**REQUESTED INSTRUCTION # 5**

## THREE BASIC RULES IN CRIMINAL CASES

At the beginning of the case, I gave you some general rules about criminal trials.  I will now restate them for you in more detail.  There are three basic rules:

(1)  Presumption of Innocence[3]

Although Mr. Hamlett has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendant has pleaded not guilty to that indictment.

As a result of his plea of not guilty, the burden is on the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes Mr. Hamlett to be innocent of the charge against him, and I instruct you that he shall be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden of proof against Mr. Hamlett, you must find him not guilty.  You must find Mr. Hamlett not guilty if the government has failed to prove each and every element of the offense beyond a reaosnable doubt, even if no alternative explanation of the evidence has been offered.

---

[3] See Sand, Instruction 4-1.

This presumption was with Mr. Hamlett when the trial began, it remains with him even now as I speak to you, and it will continue into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.

(2)  <u>Burden of Proof on Government</u>

That brings me to the second rule.  In a criminal case, the burden of proving guilt is on the government.  It has that burden throughout the entire trial.  A defendant never has any burden to prove his innocence, to produce any evidence at all, or to testify.  The defendant has no obligation to explain any of the evidence offered by the government.

The burden of proof on the government in a criminal case is different from the burden of proof on a plaintiff in a civil case.  In a civil case, the plaintiff need only prove his case by what is called the "preponderance of the evidence."  This means that the plaintiff in a civil case must have more evidence than the defendant has.  It is <u>not</u> enough in a criminal case, however, for the government simply to have more evidence than the defendant.  In a criminal case, the government must prove each element of the crime beyond a reasonable doubt.

(3)  <u>Proof Beyond a Reasonable Doubt</u>[4]

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question you may have is: What is a "reasonable doubt"?  The words almost define themselves.  It is a doubt based upon reason.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt which could cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  On the other hand, a reasonable doubt is not a caprice or

_____

[4] <u>See</u> Sand, Instruction 4-2.; <u>United States v. Bautista</u>, 252 F.3d 141, 145 (2d Cir. 2001).

whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The burden of proof never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt.

The absence of evidence is a valid basis for reasonable doubt.  The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material matters.  The absence of evidence may provide the reasonable doubt upon which a jury decides to acquit.

If, after fair and impartial consideration of all the evidence and lack of evidence against Mr. Hamlett, you have a reasonable doubt, based on the evidence you have seen and heard, or based on the absence of certain evidence, then it is your duty to acquit.  On the other hand, if after fair and impartial consideration of all the evidence against the defendant you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

**REQUESTED INSTRUCTION # 6**

<u>**PRESUMPTION OF INNOCENCE HYPOTHESIS**</u>
<u>**CONSISTENT WITH INNOCENCE**</u>[5]

The presumption of innocence requires that if a fact or piece of evidence or testimony is capable of two reasonable interpretations, one of which is consistent with innocence, then it must be interpreted in favor of innocence.  Similarly, if evidence as a whole is capable of two reasonable constructions and one of those constructions is consistent with the innocence of Mr. Hamlett, then the presumption of innocence requires that you find Mr. Hamlett not guilty.  In other words, if all of the evidence you have heard could support either the conclusion that Mr. Hamlett is guilty or the conclusion that Mr. Hamlett was simply in the wrong place at the wrong time and is not guilty, you must acquit Mr. Hamlett.

---

[5] <u>See</u> <u>United States v. Praetorium</u>, 622 F.2d 1054, 1061-62 (2d Cir. 1979); <u>United States v. Cacchillo</u>, 416 F.2d 231, 234 (2d Cir. 1969).

**REQUESTED INSTRUCTION # 7**

## **"PROVE" AND "FIND"**

Throughout these instructions to you, I use the word "prove" from time to time, with reference to the government's burden.  I also speak of your "finding" various facts as to the elements of the crime charged in this case.

Whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.

You are to understand my use of the word "prove" in reference to the government's burden to mean "prove beyond a reasonable doubt," even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact was proved by the government beyond a reasonable doubt.

**REQUESTED INSTRUCTION # 8**

## EACH ELEMENT MUST BE ESTABLISHED BEYOND A REASONABLE DOUBT

In order for the government to prove that a defendant is guilty of a charged offense, it must prove all elements of that offense.  Unless the government proves beyond a reasonable doubt that a defendant has committed <u>each and every element</u> of an offense, you must find the defendant not guilty of that offense.

**REQUESTED INSTRUCTION # 9**


## "KNOWINGLY"

In my instructions I will use the word "knowingly", and I will now explain to you what I mean by that term.

An act is done "knowingly" if done purposefully and deliberately, and not because of mistake, inadvertence, accident, negligence, or any other innocent reason.  The purpose of adding the word "knowingly" is to ensure that no one will be convicted for an act done because of mistake, misunderstanding, or accident, or other innocent reason.

**REQUESTED INSTRUCTION # 10**

## **THE GOVERNMENT AS A PARTY[6]**

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of primary concern to the community.  But it is also extremely important to Mr. Hamlett who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States entitles the government to no greater consideration than that accorded to any other party to the litigation.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

The question before you can never be: will the government win or lose the case.  The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

---

[6] See Sand Instruction 2-5 (& cmt.).

**REQUESTED INSTRUCTION # 11**

**<u>THE INDICTMENT IS NOT EVIDENCE</u>**[7]

      With these preliminary instructions in mind, let us turn to the charge against Mr. Hamlett, as contained in the indictment.  Once again, I remind you that an indictment itself is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  You may not consider the indictment as any evidence of guilt.

---

     [7] <u>See</u> Sand, Instruction 3-1.

**REQUESTED INSTRUCTION # 12**

## THE CHARGE[8]

The indictment alleges as follows:

On or about April 9, 2013, the defendants DANIEL HAMLETT, SR. and DANIEL HAMLETT, JR., by force, violence, and intimidation did take from the person and presence of another approximately $5,594 in money belonging to and in the care, custody, control, management and possession of the Webster Bank located at 15 New Haven Road, Seymour, Connecticut, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendants did knowingly and intentionally assault and put in jeopardy the life of another person by the use of a dangerous weapon.

The relevant statutes on this subject are Sections 2 and 2113(a) of Title 18 of the United States Code.

Section 2113(a) provides in part that:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [is guilty of a crime].

Section 2 provides that:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal.

---

[8] See Sand Instruction 53-1.

**REQUESTED INSTRUCTION # 13**

## AIDING AND ABETTING[9]

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged, that is, bank robbery, in order for the government to meet its burden of proof.  A person who aids or abets another person to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find Mr. Hamlett guilty of aiding and abetting bank robbery if you find beyond a reasonable doubt that the government has proven that another person actually committed the bank robbery, and that Mr. Hamlett aided and abetted that person in the commission of the bank robbery.

As you can see, the first requirement is that you find that another person has committed the bank robbery.  The government has alleged that Daniel Hamlett Senior committed the bank robbery. Obviously, no one could be convicted of aiding and abetting the criminal acts of another if no crime was committed by another person.  But if you do find that a crime was committed, specifically, a bank robbery, then you must consider whether the defendant aided or abetted the commission of that bank robbery.

In order to aid or abet another person to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that Mr. Hamlett knowingly associated himself with the bank robbery, the government must prove that Mr. Hamlett intended that the bank be robbed.

To establish that Mr. Hamlett participated in the commission of the bank robbery, the

---

[9] See Sand Instruction 11-2.

government must prove that Mr. Hamlett engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed is not sufficient to establish aiding and abetting.  Even a close association with the person who actually committed the crime is not sufficient to support a reasonable inference of aiding and abetting.[10]  One who has no knowledge that a crime is being committed or is about to be committed but does something that aids in the commission of a crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.  Thus, the government must prove that Mr. Hamlett knew of the proposed bank robbery and that he had an interest in furthering it.  Suspicion that a robbery might occur is not enough.[11]

Furthermore, a person cannot be found guilty of aiding and abetting a crime that has already been committed.[12]

To determine whether Mr. Hamlett aided or abetted the commission of the bank robbery in this case, you should ask yourselves:

Did he participate in the bank robbery as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture successful?

If you find beyond a reasonable doubt that he did each of these things, then he is an aider and abettor, and you should find him guilty.  If, on the other hand, you find that any one of these things

---

[10]  See United States v. Stewart, 145 F.3d 273, 278-79 (5th Cir. 1998) (abrogated on other grounds).

[11]  See United States v. Pipola, 83 F.3d 556, 562 (2d Cir, 1996).

[12]  See United States v. Hamilton, 334 F.3d 170, 180 (2d Cir, 2003).

has not been proven beyond a reasonable doubt, then the defendant is not an aider and abettor, and

you must find him not guilty.

**REQUESTED INSTRUCTION # 14**

**Elements of the Offense[13]**

In order to prove the charge of aiding and abetting a bank robbery against the defendant, the government must first establish that a bank robbery occurred. To prove that, the government must establish each of the following elements beyond a reasonable doubt:

First, that on April 9, 2013, the Webster Bank in Seymour, Connecticut was a federally insured bank;

Second, that Daniel Hamlett, Senior, took money that belonged to or was in the care, custody, control, management or possession of the bank from the person or in the presence of another; and

Third, that Daniel Hamlett, Senior, did so by force and violence or by acting in an intimidating manner.

The government must also prove that the defendant aided and abetted the bank robbery. To prove that, the government must establish each of the following elements beyond a reasonable doubt:

First, that Mr. Hamlett knew that the bank robbery was to be committed or was being committed;

Second, that Mr. Hamlett knowingly did some act for the purpose of aiding the commission of that bank robbery; and

Third, that Mr. Hamlett acted with the intention of causing the bank robbery to be committed.

---

[13] See Sand Instruction 53-2.

**REQUESTED INSTRUCTION # 15**

### First Element – Bank Robbery - Bank Was Federally Insured[14]

The first element the government must prove beyond a reasonable doubt is that on April 9, 2013, the Webster Bank in Seymour, Connecticut was a federally insured bank.

For the purposes of this case, a federally insured bank is an institution whose deposits (or accounts) are insured by the Federal Deposit Insurance Corporation.

---

[14] See Sand Instruction 53-3.

**REQUESTED INSTRUCTION # 16**

## <u>Second Element – Bank Robbery - A Person Took Money From Bank</u>[15]

The second element the government must establish beyond a reasonable doubt is that Daniel Hamlett, Senior, took money that belonged to or was in the care, custody, control, management or possession of the bank from the person or in the presence of another.

The first part of this element is that the government must prove that Daniel Hamlett, Senior, took money that belonged to or was in the care, custody, control, management or possession of the bank. Although the words care, custody, control, management and possession have somewhat different meanings, for purposes of this element they express a similar idea. That is that the bank had control over and responsibility for the money. For example, money that is in the bank's vault is in the possession of the bank. When employees control money through the performance of their jobs, the bank is in possession and control of that money. Therefore, the money in the control of bank tellers is property that is in the control of the bank. Property is in the "care" of the bank if the bank has made a commitment to guarantee the security or safety of the property. Deposits contained in a night depository located outside of the bank are an example of property in the "care" of the bank. Money remains in the care and custody of the bank while it is being transported between banks or between branches of one bank. Therefore, money being transported between banks by armored car remains in the custody and control of the bank.

The second part of this element that the government must prove is that Daniel Hamlett, Senior, took money from the person or in the presence of another. To prove that Daniel Hamlett, Senior, took the money from the person or presence of another, the government must prove that the

---

[15] <u>See</u> Sand Instruction 53-4.

other person was sufficiently within the reach, inspection, observation or control of the money that he or she could have retained his or her possession of it if not overcome by violence or prevented by fear.

**REQUESTED INSTRUCTION # 17**


**<u>Third Element - Bank Robbery – Robber Used Force and Violence or Intimidation</u>**[16]

The third element the government must prove beyond a reasonable doubt is that Daniel Hamlett, Senior, took the money from another person by using force and violence or by acting in an intimidating manner.  The government can meet its burden on this element either by proving that the defendant used force and violence or that Daniel Hamlett, Senior, acted in an intimidating manner. The government does not have to prove that Daniel Hamlett, Senior, used force and violence if it proves that the defendant acted in an intimidating manner.

The phrase "intimidating manner" means that Daniel Hamlett, Senior, did or said something that would make an ordinary reasonable person fear bodily harm.  It is not necessary for the government to prove that the victim was actually frightened in order to establish that Daniel Hamlett, Senior, acted in an intimidating manner.   Your focus should be on Daniel Hamlett, Senior's behavior.  The government does not have to prove that  Daniel Hamlett, Senior's behavior caused or could have caused great terror or panic, but it must show that an ordinary person would have feared bodily harm because of  Daniel Hamlett, Senior's behavior.  The government also does not have to prove that  Daniel Hamlett, Senior, made explicit threats of bodily harm.  If you find that Daniel Hamlett, Senior, confronted the bank employee in such a way that it would reasonably create a fear of bodily harm, that is sufficient.

Evidence that an unusually timid victim was actually intimidated by Daniel Hamlett, Senior's conduct is not, by itself, proof that Daniel Hamlett, Senior, engaged in intimidating conduct, although you may take evidence that the bank employee was actually placed in fear of

---

[16] <u>See</u> Sand Instruction 53-5.

bodily harm as evidence of how a reasonable person would have reacted.  The government must prove, beyond a reasonable doubt, that an ordinary person – not just the unusually timid victim – would have experienced fear of bodily harm because of what Daniel Hamlett, Senior, did or said.

**REQUESTED INSTRUCTION # 18**

## First Element – Aiding and Abetting – Knowledge

If you find that the government has proven that Daniel Hamlett, Senior, robbed the bank as charged, then you must decide whether the government has proven that the defendant here, Mr. Hamlett, aided and abetted that robbery.

The first element the government must prove beyond a reasonable doubt is that Mr. Hamlett knew that the bank robbery was to be committed or was being committed.

**REQUESTED INSTRUCTION # 19**

### Second Element – Aiding and Abetting – Knowing Act

The second element the government must prove beyond a reasonable doubt is that Mr. Hamlett knowingly committed some specific act for the express purpose of aiding the commission of the bank robbery.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for you to find that the defendant aided and abetted the commission of that crime.  Rather, the government must prove, beyond a reasonable doubt, that Mr. Hamlett knowingly and deliberately associated himself with the bank robbery in some way as a participant – someone who wanted the crime to be committed – rather than as a mere bystander.[17]

---

[17] Federal Jury Practice and Instructions, § 18:01.

**REQUESTED INSTRUCTION # 20**

### <u>Third Element – Aiding and Abetting – Intent</u>

The third element the government must prove beyond a reasonable doubt is that Mr. Hamlett acted with the intention of causing the bank to be robbed.

**REQUESTED INSTRUCTION # 21**

## **THREE FORMS OF EVIDENCE**[18]

Next, I want to explain to you generally what we mean by evidence and how you should consider it.

The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are stipulations of the parties that have been received into the trial record.  A stipulation is an agreement among the parties that a certain fact is true, and you should regard any such stipulated facts are true.

---

[18] See Sand, Instructions 5-4, 5-6.

**REQUESTED INSTRUCTION # 22**[19]

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

I have told you about the three <u>forms</u> in which evidence comes: testimony, exhibits and stipulations.  There are two <u>kinds</u> of evidence: <u>direct evidence</u> and <u>circumstantial evidence.</u>

Direct evidence is direct proof of a fact, such as where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses – what he sees, feels, touches or hears – that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Because the courtroom has no windows, you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else walked in with a raincoat which was also dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no <u>direct</u> evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence and the law makes no

---

[19] <u>See</u> Sand, Instruction 5-2.

distinction between direct and circumstantial evidence.

When you as a jury rely on circumstantial evidence, however, you must still find that the evidence proves a given fact beyond a reasonable doubt.  The inferences you draw must be reasonable, and the conclusions you reach must be supported by the evidence actually received at trial.  If the reasonable inferences you can draw from the combination of circumstantial and direct evidence do not prove each and every element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**REQUESTED INSTRUCTION # 23**

**<u>INFERENCE</u>**[20]

During the trial you may have heard the attorneys use the term "inference," and in their arguments the attorneys have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of other facts which you know, for certain, exist.

There are times when different inferences may be drawn from facts, whether proved by direct  or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  There may also be times when you decided you cannot draw any reasonable inference from the facts that have been proven to you.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven beyond a reasonable doubt, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

---

[20] <u>See</u> Sand, Instruction 6-1.

**REQUESTED INSTRUCTION # 24**

<u>**WITNESS CREDIBILITY -- GENERAL INSTRUCTION**</u>[21]

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the indictment.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect how he or

---

[21] <u>See</u> Sand, Instruction 7-1.

she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not – to give you something other than a completely accurate account of the facts to which he testified?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment and your experience.

**REQUESTED INSTRUCTION # 25**

## **LAW ENFORCEMENT WITNESSES**[22]

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that this testimony may be colored by a personal or professional bias or interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the various law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.

---

[22] See Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967).

**REQUESTED INSTRUCTION # 26**

<u>**BIAS AND HOSTILITY**</u>[23]

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have toward the defendant.  You should also consider whether a witness may be biased because of the witness's interest in the outcome of the trial.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

_____

[23] <u>See</u> Sand, Instruction 7-2.

**REQUESTED INSTRUCTION # 27**

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY[24]

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses.  You do not have to accept the testimony of any witness, even if that witness has not been contradicted or impeached, if you find the witnesses not to be credible. You must decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon reason, common sense and experience.

It is also important to remember that the defendant has no obligation to call any witnesses.  A defendant can elicit evidence from witnesses called by the government.  Furthermore, the defendant never has the burden of proof.  The government may fail to meet its burden of proof even if the defendant asks no questions on cross-examination, presents no evidence, and calls no witnesses.  It is entirely possible that the government could present nothing but uncontroverted evidence and you, the jury, could still find that the defendant's guilt has not been proven beyond a reasonable doubt.

---

[24] See Sand, Instruction 4-3.

**REQUESTED INSTRUCTION # 28**

## <u>NO OBLIGATION TO PRESENT A DEFENSE</u>

Under our criminal justice system, a person accused of a crime has no obligation to present any evidence whatsoever in his defense.  It remains the government's sole burden from the start to the finish of the trial to prove a defendant guilty beyond a reasonable doubt as to each element of the offense charged.

**REQUESTED INSTRUCTION # 29[25]**

### [TO BE GIVEN IF DEFENDANT TESTIFIES]


In a criminal case, a defendant has the constitutional right to remain silent at his trial.  No defendant can be required to testify, but a defendant can choose to testify, if he so desires.  In this case, Mr. Hamlett decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve his testimony because he is a defendant in this case.


### [TO BE GIVEN IF DEFENDANT DOES NOT TESTIFY]

Mr. Hamlett did not testify in this case.  Under our constitution, he has no obligation to testify or to present any other evidence because it is always the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Hamlett did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against Mr. Hamlett in any way in your deliberations in the jury room.

---

[25] See Sand, Instructions 7-4; 5-21.

**REQUESTED INSTRUCTION # 30**


[**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**[26]]

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

---

[26] See Sand, Instruction 7-19.

**REQUESTED INSTRUCTION # 31**

## EXPERT WITNESS[27]

You have heard testimony from what we call an expert witness.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony, such as bias and ties to a party in the case.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

---

[27] See Sand, Instruction 7-21.

**REQUESTED INSTRUCTION # 32**

## **PREJUDICE, BIAS, SYMPATHY**[28]

Under your oath as jurors you are not to be swayed by sympathy.  The jury is to be guided solely by the evidence in this case.  The crucial question that the jury must ask itself as it sifts through the evidence, or lack of evidence, against the defendant is this:  Has the government proven the guilt of Mr. Hamlett beyond a reasonable doubt?

It is for the jury alone to decide whether or not the government has proven Mr. Hamlett guilty of the crimes charged solely on the basis of the evidence and of the law as I instruct you.  It would be improper for any juror to consider any personal feelings he or she may have about a defendant's race, religion, country of origin, sex or age.  It must be clear to you that once you let prejudice, or fear, or bias, or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

---

[28] See Sand, Instructions 2-11, 2-12.

**REQUESTED INSTRUCTION # 33**


## CLOSING INSTRUCTIONS

We are at the conclusion of my instructions.  I will now say some final words about your deliberations.

First, keep in mind that nothing I have said in these instructions – indeed, nothing I have said or done during this trial -- is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  That does not mean that if the jury takes a vote and it is not unanimous, the jury has reached a final decision one way or another.  If at any time the jury does take an inconclusive vote -- a vote that is not unanimous – the jury's vote is just that: inconclusive.  If, in the final analysis, the jury is not able to reach a unanimous vote, the jury will not be able to check the verdict form at either "guilty" or "not guilty" on the verdict form.  In the event of an inconclusive vote, there is no decision and no report on the verdict form.  The result is a "hung jury" with respect to the indictment.

Remember also that your verdict must be based solely on the evidence in the case and the

law as I have given it to you, not on anything else.  Closing arguments or other statements or arguments of counsel are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

And finally, bear in mind that the government has the burden of proof and that you, the jury, must be convinced of the defendant's guilt beyond a reasonable doubt to return a "guilty" verdict.  If the jury finds that this burden has not been met, the jury must return a verdict of "not guilty."

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with the Court – that is, to communicate with me -- you may send a note through the deputy marshal, signed by your foreperson or by any one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing.

I will never communicate with any member of the jury on any subject touching the merits of the case other than orally here in open court.

If you send a note to me, do <u>not</u> disclose in your note or otherwise anything about your deliberations.  Specifically, do <u>not</u> disclose to anyone – not even to me – how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant.  You may disclose your verdict only after you have reached a <u>unanimous</u> verdict.

When you begin your deliberations your first order of business will be to elect a foreperson, through whom in due course you generally would have communicate with the Court.

Those of you who were chosen as regular jurors will now retire to consider the verdict.

When you go to the jury room, do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to consider and until she formally directs you to begin your

deliberations.

I ask the alternate jurors to remain behind for a moment as the Deputy Marshal escorts the twelve regular jurors to the jury room.